IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINI
WHEELING DIVISION

FILED
AUG 17 2026
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

DIANA MEY,

Plaintiff,

v.

Civil Action No. 5:26 CV 163

STAY SAFE ALERT, INC.,
D/B/A SMART MED ALERT
Defendant.

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendant Stay Safe Alert, Inc. ("Defendant"):

## PRELIMINARY STATEMENT

1. Plaintiff Diana Mey brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Plaintiff also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6F-501 and 601, a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

## Parties and Jurisdiction

2. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West Virginia.

3. Defendant, Stay Safe Alert, Inc. ("Stay Safe") is a foreign for-profit company

with a principal place of business at 290 W 300 South, Logan UT 84321.

4. At all relevant times Defendant conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or has derived substantial revenue from goods sold and services provided in West Virginia.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. In particular, the telemarketing calls to Plaintiff occurred in this district..

## Defendant's Illegal Conduct

7. Defendant sells medical alert systems to consumers throughout the United States, including West Virginia. Defendant markets their medical alert systems to consumers through various means, including through unsolicited telemarketing calls and spoofed Caller IDs.

8. Plaintiff's wireless telephone number is (304) 381-XXXX, which has been listed on the National Do Not Call Registry continuously since December 2023. Plaintiff uses this telephone line for purely residential purposes.

9. Plaintiff's number is assigned to a Voice over Internet Protocol (VoIP),

telephone service which allows for voice calls to be placed over a broadband Internet connection.

10. Plaintiff's number is charged by the VoIP telephone service provider VOIP.MS for each call or text it receives. VOIP.MS also charges Plaintiff a per-minute charge of $0.009 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to her number.

11. Despite being listed on the DNC Registry, Defendant, directly or through one or more intermediaries, initiated telephone calls with spoofed Caller IDs to Plaintiff to induce sales of Defendant's medical alert system.

12. On the spoofed calls, Plaintiff engaged with the callers and learned that the calls were made on behalf of Defendant.

13. The following calls from Defendant to her number evidence Defendant's unlawful conduct:

a. On July 2, 2026 at 3:18 p.m. Plaintiff received a call from spoofed number 304-948-6716. The agent "Alex" represented that he was calling about a medical alert system. Alex then transferred the call to his "activation officer" "Chris Carter".

b. On July 2, 2026 at 3:30 p.m. Plaintiff received a call from the same agent Chris Carter but from a different spoofed Caller ID 304-992-7647.

14. Defendant, directly or through its telemarketing vendors, transmitted inaccurate caller identification information by causing Plaintiff's caller ID to display different local West Virginia telephone numbers, rather than Defendant's actual telephone number or identity.

15. The displayed numbers varied from call to call – while consistently using a 304-area code – even though the calls promoted the same medical alert system.

16. When Plaintiff attempted to return calls to the displayed numbers, the calls did not connect to Defendant, were disconnected or otherwise were not the source of the telemarketing calls.

17. Defendant's use of changing local telephone numbers concealed the true source of the calls and increased the likelihood that Plaintiff would answer.

18. Prior to receiving these telephone calls from or on behalf of Defendant, Plaintiff never provided prior express written consent to be called by or on behalf of Defendant.

19. In all instances, Defendant, acting directly or through one or more intermediaries, "spoofed" their calls by transmitting phony caller identification information so that call recipients do not know the true source of the calls. The inaccurate caller identification concealed Defendant's identity and impeded Plaintiff's ability to identify, avoid, or block future calls.

20. In numerous instances, Defendant, acting directly or through one or more

intermediaries, failed to disclose truthfully, promptly and in a clear and conspicuous manner to the person receiving the call (a) the identity of the seller, (b) that the purpose of the call was to sell goods or services, or (c) the nature of the goods or services.

## COUNT I
### Violations of the TCPA
### 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2))

21. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

22. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf made telemarketing calls to Plaintiff's residential telephone, which was listed on the do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

23. Despite her number being registered on the DNC Registry, Plaintiff received more than one telephone call within a 12-month period by or on behalf of Defendant in violation of the TCPA.

24. Defendant's violations were negligent, willful, and knowing.

## COUNT II
### Violations of the TCPA
### 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1601(e))

25. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

26. Defendant and/or its affiliates, agents, and/or other persons or entities

acting on Defendant's behalf, initiated telemarketing calls which failed to transmit the requisite caller identification information and which likewise failed to permit an individual to make a do-not-call request during regular business hours. *See* 47 C.F.R. § 64.1601(e).

## COUNT III
## Violations of the WVCCPA, W.Va. Code §§ 46A-6F-112 and 501

27. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

28. Defendant and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing.

29. Defendant and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound calls to Plaintiff after she had indicated that she did not want to receive such calls.

30. Defendant and/or their agents knowingly engaged in the transmission of misleading or inaccurate caller identification information, including, but not limited to, circumventing caller identification technology that allows consumers to identify from what phone number or organization the call has originated from, or to otherwise misrepresent the origin and nature of the solicitation. *See* W.Va. Code § 46A-6F-501(9).

31. Each of Defendant's actions, or those of agents operating on Defendant's

behalf, were done willfully or knowingly.

32. Accordingly, Plaintiff is entitled to relief from Defendant as prescribed under W.Va. Code §§ 46A-6F-502 and 701, including actual damages and statutory penalties. Plaintiff is likewise entitled to reasonable attorney's fees under W.Va. Code § 46A-5-104.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law, pre- and post-judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**JURY TRIAL DEMANDED**

**DIANA MEY**

/s/ Diana Mey
Diana Mey, Pro Se
14 Applewood Drive
Wheeling WV 26003
304-280-1607
diana_mey@comcast.net